# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAHIR SMITH, | ) |
| Plaintiff, | ) Civil Action No. 2:09-cv-06007 |
| v. | ) HONORABLE RONALD L. BUCKWALTER |
| HIRERIGHT SOLUTIONS, INC. and USIS COMMERCIAL SERVICES, INC., | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant HireRight Solutions, Inc. f/k/a USIS Commercial Services, Inc. ("HireRight Solutions"), through its undersigned counsel, hereby answers Plaintiff's Complaint as follows[1]:

### I.    Preliminary Statement

1.    Paragraph 1 alleges legal conclusions to which no response is required. To the extent a response is required, HireRight Solutions denies the allegations in Paragraph 1, except that it admits that Plaintiff purports to bring a putative nationwide class action lawsuit under the Fair Credit Reporting Act (FCRA); that it prepares and provides background reports for employment purposes; that it has prepared and provided background reports regarding Plaintiff; and that it provided some background reports regarding Plaintiff that listed the same court record entry more than one time.

---

[1] Defendants HireRight Solutions, Inc. and USIS Commercial Services, Inc. are referred to as "Defendant HireRight Solutions, Inc., f/k/a USIS Commercial Services, Inc.," in this Answer to reflect the proper legal status of the single entity. This Answer is made on behalf of both Defendants.

## II.     Jurisdiction and Venue

2. Paragraph 2 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions admits that Plaintiff purports to assert claims under the FCRA.

3. Paragraph 3 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph, except that HireRight Solutions admits that it regularly does business throughout the country, including in this District; that it maintains a registered agent in this District; and that Plaintiff purports to reside in the Commonwealth of Pennsylvania.

## III.     Parties

4. HireRight Solutions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis denies those allegations.

5. HireRight Solutions denies the allegations in Paragraph 5, except that HireRight Solutions admits that its principal place of business is located at 4500 South 129th East Avenue, Suite 200, Tulsa, Oklahoma 74134-5885.

6. HireRight Solutions denies the allegations in Paragraph 6, except that HireRight Solutions admits that it was formerly known as USIS Commercial Services, Inc.  HireRight Solutions also incorporates its response to Paragraph 5.

## IV.     Factual Allegations

### A.     Defendants' Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes.

7.     Paragraph 7 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions admits that it regularly does business with employers throughout the country, including employers in Pennsylvania, and that it sells the type of background report that is the subject of Plaintiff's allegations in the Complaint (i.e., those provided for employment purposes).

8.     Paragraph 8 states a legal conclusion to which no response is required.

9.     HireRight Solutions denies the allegations in Paragraph 9, except that HireRight Solutions admits that it maintains information, including public record information, concerning, among other things, the criminal record history of individuals.

10.    HireRight Solutions denies the allegations in Paragraph 10, except HireRight Solutions admits that a March 11, 2009 press release stated: "Today, more than 28,000 businesses across the U.S., including more than 25 percent of the Fortune 500, trust HireRight Solutions for fast and reliable screening results," that it prepares and provides background reports for employment purposes; that it has prepared and provided background reports regarding Plaintiff; and that it provided some background reports regarding Plaintiff that listed the same court record entry more than one time.

11.    Paragraph 11 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

12. Paragraph 12 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

13. Paragraph 13 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

14. HireRight Solutions denies the allegations in Paragraph 14, except it admits that under certain circumstances multiple records relating to the same underlying offense historically were included in certain reports.

15. HireRight Solutions denies the allegations in Paragraph 15.

16. HireRight Solutions denies the allegations in Paragraph 16.

17. HireRight Solutions denies the allegations in Paragraph 17.

18. HireRight Solutions denies the allegations in Paragraph 18, except that it admits that its public record research in or about April 2007 in Lancaster, Pennsylvania, identified records reflecting the facts listed in Paragraph 18.

19. Paragraph 19 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

20. Paragraph 20 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

21.     HireRight Solutions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies those allegations.

22.     HireRight Solutions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies those allegations.

23.     HireRight Solutions denies the allegations in Paragraph 23, except that it admits that in or about March 2009 it provided a background check report regarding Plaintiff to Hirschbach Motor Lines.

24.     HireRight Solutions denies the allegations in Paragraph 24, except that it admits that in or about March 2009 HireRight Solutions mailed Plaintiff a letter with an enclosed copy of a background check report regarding him for Hirschbach Motor Lines and that the March 2009 letter referenced by this Paragraph of the Complaint is a document which speaks for itself.

25.     HireRight Solutions denies the allegations in Paragraph 25, except that it states that the March 2009 consumer report referenced by this Paragraph is a document which speaks for itself.

26.     HireRight Solutions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and on that basis denies those allegations.

27.     HireRight Solutions admits that in or about September 2009 it provided a background check report regarding Plaintiff to Annett Holdings.

28.     HireRight Solutions admits that in or about March 2009 HireRight Solutions mailed Plaintiff a letter with an enclosed copy of a background check report regarding him for

5

Annett Holdings. The letter referenced by this Paragraph of the Complaint is a document which speaks for itself and therefore HireRight Solutions denies the allegations of this Paragraph to the extent inconsistent with that document.

29. The September 2009 report referenced by this Paragraph of the Complaint is a document which speaks for itself and therefore HireRight Solutions denies the allegations of this Paragraph to the extent inconsistent with that document.

30. HireRight Solutions is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies those allegations.

31. HireRight Solutions admits that in or about October 2009 it provided a background check report regarding Plaintiff to Napa Transportation.

32. HireRight Solutions admits that in or about October 2009 HireRight Solutions mailed Plaintiff a letter with an enclosed copy of a background check report regarding him for Napa Transportation. The letter referenced by this Paragraph of the Complaint is a document which speaks for itself and therefore HireRight Solutions denies the allegations of this Paragraph to the extent inconsistent with that document.

33. The October 2009 consumer report referenced by this Paragraph of the Complaint is a document which speaks for itself and therefore HireRight Solutions denies the allegations of this Paragraph to the extent inconsistent with that document.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, HireRight Solutions denies the allegations in Paragraph 34.

35. HireRight Solutions denies the allegations in Paragraph 35.

## V.     Class Action Allegations

36.     HireRight Solutions denies the allegations in Paragraph 36, except that it admits that Plaintiff purports to bring individual and class claims under the FCRA and that Plaintiff purports to define a class as stated in Paragraph 36.

37.     Paragraph 37 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

38.     Paragraph 38 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph.

39.     Paragraph 39 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph..

40.     Paragraph 40 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph..

41.     Paragraph 41 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph..

42.     Paragraph 42 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph..  By way of further response, Plaintiff has dismissed any claim for injunctive or declaratory relief.

43. Paragraph 43 states a legal conclusion to which no response is required; however, to the extent that a further response is required, HireRight Solutions denies the allegations of this Paragraph..

### VI.   Count One – FCRA

44. HireRight Solutions responds to Paragraph 44 by incorporating by reference its responses to the foregoing paragraphs as though they were set forth at length herein.

45. Denied.

   (a)   Denied.

   (b)   Denied.

   (c)   Denied.

   (d)   Denied.  By way of further response, Plaintiff has dismissed his claim that HireRight Solutions "otherwise fail[ed] to comply with the FCRA."

46. Paragraph 46 is a demand for jury trial to which no response is required.

47. HireRight Solutions denies that it is liable to Plaintiff for any of the requests for relief set forth in the WHEREFORE clause of the Complaint or any of its six subclauses.

### ADDITIONAL DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that HireRight Solutions bears any burden of proof as to any of them, HireRight Solutions asserts the following additional defenses.  HireRight Solutions intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against HireRight Solutions upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, consent, laches, unclean hands, release or in *pari delicto*.

## FOURTH DEFENSE

All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation, and the doctrine of avoidable consequences and all similar and equivalent doctrines.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any alleged act or omission by HireRight Solutions or its agents or employees, including but not limited to acts or omissions by third parties.

## SIXTH DEFENSE

Plaintiff's substantive claims and his claims for damages (including but not limited to Plaintiff's claims under sections 607 and 613 of the FCRA), which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of applicable state law. HireRight Solutions specifically alleges that Section 616 of the FCRA is unconstitutionally vague.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which attorney's fees and costs may be granted.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages may be granted.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries sustained by Plaintiff, if any, were proximately caused and contributed to by Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because HireRight Solutions's conduct was privileged.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent, if any, that HireRight Solutions was or is subject to the FCRA, any information provided about or regarding Plaintiff was public record information that was in good faith gathered and provided to a specific customer, without malice, recklessness or any intent to cause harm.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because, to the extent, if any, that HireRight Solutions was or is subject to Section 607(b) of the FCRA, HireRight Solutions maintained and used, at all relevant times, reasonable procedures to assure the maximum accuracy of information within the meaning of Section 607(b) and otherwise.  Plaintiff's claims are similarly barred, in whole or in part because, to the extent, if any, that HireRight Solutions was or is subject to Section 613 of the FCRA, HireRight Solutions either timely issued an

appropriate consumer notice or maintained and used, at all relevant times, strict procedures within the meaning of Section 613 and otherwise.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because HireRight Solutions satisfied all obligations that it had, if any, under applicable law, including but not limited to Sections 607 and 613 of the FCRA.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all material times, HireRight Solutions acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by HireRight Solutions at the time and did not at any time willfully or negligently fail to comply with applicable law, if any, including but not limited to Sections 607 and 613 of the FCRA.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the cited statutory authority provisions, even if applicable, are unconstitutionally vague and ambiguous and violate HireRight Solutions's rights under the United States Constitution to, among other things, due process of law.

### SIXTEENTH DEFENSE

Plaintiff's Complaint fails to properly state a claim upon which pre-judgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### SEVENTEENTH DEFENSE

HireRight Solutions alleges that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements

for, class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate – to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative class; (e) Plaintiff is not a proper class representative for the putative class; (f) Plaintiff cannot fairly and adequately represent the interests of the putative class; (g) Plaintiff and the alleged putative class counsel are not adequate representatives for the putative class; (h) representative action treatment is neither appropriate nor constitutional; and/or (i) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the putative class.  If the Court certifies a class in this case over HireRight Solutions's objections, then HireRight Solutions asserts the affirmative defenses set forth herein against each and every member of the certified class.

### EIGHTEENTH DEFENSE

HireRight Solutions alleges that certification of a class, and the adjudication of the claims of the putative class through generalized class-wide proof, as applied to the facts and circumstances of this case, would constitute a denial of HireRight Solutions's rights to trial by jury and to substantive and procedural due process.

### RESERVATION OF ADDITIONAL DEFENSES

HireRight Solutions's investigation is continuing, and HireRight Solutions reserves the right to amend its Answer and to raise additional defenses that may arise during the course of the litigation.

**WHEREFORE**, HireRight Solutions requests that this Court:

1. Dismiss Plaintiff's Class Action Complaint on the merits and with prejudice;

2. Enter judgment in favor of HireRight Solutions;

2. Award HireRight Solutions its attorney's fees, costs, and disbursements; and

3. Award HireRight Solutions such other relief as the Court deems appropriate.

/s/ Robert C. Drake
Robert C. Drake, Esquire
Rod M. Fliegel, Esquire (*pro hac vice*)
William J. Simmons, Esquire
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000
rcdrake@littler.com
rfliegel@littler.com
wsimmons@littler.com

Attorneys for Defendant
HireRight Solutions, Inc.  f/k/a
USIS Commercial Services, Inc.

Dated:  May 26, 2010

13

**CERTIFICATE OF SERVICE**

I, Robert C. Drake, Esquire, hereby certify that on May 26, 2010, I caused the foregoing HireRight Solutions's Answer and Affirmative Defenses to Complaint, to be filed with the Court and served via Electronic Case Filing System upon the following counsel of record:

Sharon M. Dietrich, Esq.
Janet Ginzburg, Esq.
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102

David A. Searles, Esq.
Donovan Searles, LLC
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103

James A. Francis, Esq.
Francis & Mailman, P.C.
100 South Broad Street, 19th Floor
Land Title Building
Philadelphia, PA 19110

*Attorneys for Plaintiff*

*/s/ Robert C. Drake*
Robert C. Drake